UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENETHRISS ALEXANDER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-606** |
| **AMERICAN SECURITY INSURANCE COMPANY** | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court is Defendant American Security Insurance Company's motion to dismiss under Rule 12(b)(5) for insufficient service of process. R. Doc. 7. Plaintiff Denetriss Alexander opposes the motion. R. Doc. 9. Defendant replied. R. Doc. 11. After a review of the record, briefing, and applicable law, the Court now rules as follows.

### I.   BACKGROUND

This case arises from alleged damage to Plaintiff Denethriss Alexander's property caused by Hurricane Ida. R. Doc. 1-1 at 4. Plaintiff alleges that his property sustained damage in the amount of $146,067.48. *Id.* at 3. Plaintiff argues that Defendant American Security Insurance Company ("American Security") was provided timely notice of loss and that they failed to pay for the loss, which Plaintiff alleges is covered by his insurance policies. *Id.* at 5. This case was originally filed in the 24th Judicial District Court in Jefferson Parish, but Defendant removed the case to this Court on March 12, 2024 pursuant to diversity jurisdiction. *Id.* at 2.

Plaintiff alleges two causes of action: (1) breach of insurance policy; and (2) bad faith under La. R.S. 22:1892 and La. R.S. 1973. *Id.* at 5-7. First, Plaintiff contends that Defendant breached the insurance contract by not thoroughly investigating the claim, refusing to tender adequate insurance proceeds to compensate Plaintiff, and failing to act reasonably. *Id.* at 6. Second, Plaintiff contends that Defendant failed to act in good faith as required by La. R.S. 22:1892 and

1

La. R.S. 1973. *Id*. at 7-8. Plaintiff seeks damages including, but not limited to, costs of repair, bad faith damages, nonpecuniary damages, and attorney's fees. *Id*. at 7.

## II.     PRESENT MOTION

In its motion, Defendant asks the court to dismiss the case without prejudice for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). R. Doc. 7 at 1. Defendant argues that the Louisiana Code of Civil Procedure provides the applicable service requirements in this case because all alleged service deficiencies occurred before the case was removed to federal court. R. Doc. 7-1 at 1. Defendant notes that Louisiana Code of Civil Procedure, Article 1201(C) requires a Plaintiff to "request" service on a defendant within ninety days of filing a complaint. *Id*. at 2. Because Plaintiff filed the suit on August 29, 2023, Defendant avers that the deadline to request service was November 28, 2023. *Id*. at 3. Defendant contends that Plaintiff did not properly request service until February 8, 2024. *Id.*

Defendant agrees that Plaintiff included service instructions in his petition. *Id.* However, Defendant notes that Plaintiff did not pay the service fees at this time. Defendant avers that Plaintiff should have known of this defect because, on August 30, 2023, the day after Plaintiff filed the petition, the clerk of court notified Plaintiff by e-mail of the required fees. *Id*. at 2. However, Plaintiff did not pay the necessary fees until February 8, 2024. *Id*. After Plaintiff paid the fees on February 8, the clerk of court issued the citation to American Security on February 9, 2024. *Id*. Thereafter, on February 20, 2024, Plaintiff effectuated service on American Security through the Louisiana Secretary of State. *Id*.

In support of its motion, Defendant argues that Louisiana Code of Civil Procedure Article 1672(C) requires a court to dismiss an action without prejudice where the plaintiff failed to timely request service on defendants. *Id.* Further, Defendant argues service is deemed "requested" when

the clerk of court receives service instructions from the plaintiff *and* the plaintiff pays the costs stipulated by the clerk. *Id*. The only way a Plaintiff can avoid such dismissal under Article 1672 is if "good cause is shown why service could not be requested," which Defendant avers Plaintiff cannot show. R. Doc. 11 at 2.

In opposition, Plaintiff argues that Defendant's motion should be construed as a "declinatory exception" under Louisiana law. R. Doc. 9 at 2. The function of such objections is to decline the jurisdiction of the court, not defeat the action. *Id.* Plaintiff avers that under Louisiana Code of Civil Procedure Article 932, the Court can allow the plaintiff to take corrective action where the defendant files a declinatory exception. *Id.* Here, Plaintiff alleges that it has already corrected the service issue by effectuating service on February 20, 2024, rendering the issue moot. *Id.* Moreover, Plaintiff maintains that dismissing the suit without prejudice, as Defendant requests, does not promote judicial efficiency. *Id.* at 3. Plaintiff would simply have to re-file the case and effect service again, steps which have already been taken in the present case. *Id.*

In reply, Defendant notes that Article 932 only allows Courts to allow a plaintiff more time for service where it makes a finding that "service could not have been timely requested." R. Doc. 11 at 2. Similarly, Article 1672(C) requires dismissal unless "good cause is shown why service could not be requested." *Id.* Defendant contends that Plaintiff does not show any "good cause" explaining why he did not pay the fees and timely request service. *Id.* Accordingly, it argues that the suit must be dismissed without prejudice. *Id.*

### III.  APPLICABLE LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(5), a party may request that the Court dismiss a case for insufficient service of process. Where service took place prior to removal, the Court applies state law to assess the validity of the underlying service. *Freight Terminals Inc. v.*

*Tyder Sys., Inc.,* 461 F.2d 1046, 1052 (5th Cir.1972) ("[T]he district court must look to state law to ascertain whether service was properly made prior to removal."); *see also Sal Ciolino & Assocs. v. First Extended Serv. Corp.,* 156 F. App'x 621, 622 (5th Cir. 2005). Under Louisiana law, service of a citation must "be requested on all named defendants within ninety days of commencement of the action." La. Code Civ. P. art. 1201(C). If a plaintiff fails to request service on a defendant within the required time period, "[a] judgment dismissing [the] action without prejudice shall be rendered as to [that defendant] . . . unless good cause is shown why service could not be requested." La. Code Civ. Proc. Ann. art. 1672(C).

Where a case has been removed from state court, the federal district court may allow a party to remedy defective service:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which *process served proves to be defective*, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C.A. § 1448 (emphasis added). The district court has "broad discretion" when deciding whether to dismiss a case for insufficient service. *Kreimerman v. Casa Veerkamp*, 22 F.3d 634, 645 (5th Cir. 1994). "Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008). "A discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action.'" *Id.* (citing Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment).

### IV. DISCUSSION

The Court finds that dismissal is not warranted in this case. First, the Court finds that Plaintiff had "good cause" for failing to timely request service. La. Code Civ. Proc. Ann. art. 1672(C). In *Hebert v. Louisiana*, the court denied a 12(b)(5) motion to dismiss where Plaintiff

4

included service instructions in his petition but failed to complete the request for service until approximately six months later. No. CV 21-88, 2021 WL 3367586, at *5 (E.D. La. Aug. 3, 2021). The court reasoned that some Louisiana courts had "in recent years, found service timely even when a plaintiff did not 'strictly comply' with service requirements under Louisiana law." *Id*. The court noted that although service was technically almost three months late, the plaintiff had "attempted to serve Defendants within the 90-day window" by trying to request service when he filed the petition. *Id*.; *see also Covington v. Town of Jackson*, No. CV 19-201-JWD-RLB, 2020 WL 838293, at *5 (M.D. La. Feb. 20, 2020) (denying a 12(b)(5) motion to dismiss where plaintiff included service instructions in his petition but failed to complete the request for service timely because he did not pay service fees within the 90 days.).

Here, Mr. Clement included service instructions when he filed the petition. Defendant contends that Plaintiff should have known that his request would not be processed because he received an email from the clerk's office the following day alerting him to the unpaid fees. R. Doc. 15-1. However, the email is somewhat vague; it lists different amounts due and notes that "the following checks are needed for the petition for damages e-filed on 8-29-23." The email does not use the term "service" or say anything about an incomplete request for service. Accordingly, as in *Hebert* and *Covington*, the Court finds that the Plaintiff made a good-faith attempt to request service. Thus, the Court finds there is "good cause" for the defect in service. La. Code Civ. P. art. 1672(C).

Furthermore, even if Plaintiff's failure to complete the requirements for a service request was not supported by good cause, the Court exercises its discretion to allow the case to proceed. "Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service." *Millan*, 546 F.3d at 325. An example of where such a "discretionary extension may be

5

warranted" is where "the applicable statute of limitations would bar the refiled action." *Id*. The Court notes that this case was filed on August 29, 2023, the final day of the prescriptive period for filing insurance claims that arose during Hurricane Ida. *See Gibson v. Scottsdale Ins. Co.*, No. CV 23-6331, 2024 WL 382431, at *4, n.43 (E.D. La. Feb. 1, 2024) ("[I]nsurance disputes related to damages caused by Hurricane had to be filed by August 29, 2023."). If the Court were to dismiss this case, it appears that the statute of limitations would bar the re-filed action. *Millan*, 546 F.3d at 325. Accordingly, equitable principles to not support dismissal, and the Court exercises its discretion to allow the case to proceed.

## V.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's motion to dismiss, R. Doc. 7, is **DENIED.**

New Orleans, Louisiana, this 11th day of July, 2024.

_____
UNITED STATES DISTRICT JUDGE