UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DENETHRISS ALEXANDER** | * | CIVIL ACTION NO. 24-606 |
| **VERSUS** | * | JUDGE ELDON E. FALLON |
| **AMERICAN SECURITY INSURANCE COMPANY** | * | MAGISTRATE JUDGE KAREN WELLS ROBY |

\* \* \* \* \* \* \* \*

## ORDER & REASONS

Before the Court is a motion for summary judgment filed by Defendant American Security Insurance Company. R. Doc. 24. Plaintiff did not oppose the motion, nor did Plaintiff—now acting *pro se*—contact the Court pursuant to its Order to Show Cause. R. Doc. 34. Considering the brief, record, and applicable law, the Court now rules as follows.

### I.   BACKGROUND

The following background summary is taken from Plaintiff's Petition and the unopposed Uncontested Material Facts submitted by Defendant along with its summary judgment motion.

This case arises from alleged damage to Plaintiff Denethriss Alexander's property caused by Hurricane Ida. R. Doc. 1-1 at 4. As a result of the Hurricane, Plaintiff's property purportedly sustained damage worth at minimum $146,067.48. *Id.* at 3. Plaintiff argues that she provided timely notice of covered loss to Defendant American Security Insurance Company ("American Security") and that it failed to pay for the loss. *Id.* at 5.

Plaintiff alleges two causes of action: (1) breach of insurance policy; and (2) bad faith under La. R.S. 22:1892 and La. R.S. 1973. *Id.* at 5–7. First, Plaintiff contends that Defendant breached the insurance contract by not thoroughly investigating the claim, refusing to tender adequate insurance proceeds to compensate Plaintiff, and failing to act reasonably. *Id.* at 6. Second, Plaintiff contends that Defendant failed to act in good faith as required by La. R.S. 22:1892 and

1

La. R.S. 1973. *Id*. at 7–8. The policy at issue, however, is Residential Dwelling Certificate No. MLR07559399469 (the "Policy") which American Security issued to nonparty Select Portfolio Servicing, Inc. ("Select"). R. Doc. 24-2 at 1. And "[u]nder the Loss Payment clause of the Residential Dwelling Certificate, American Security is contractually required to pay all loss to the named insured lender, Select Portfolio Servicing, Inc." *Id.*

## II.     PRESENT MOTION

American Security moves for an entry of summary judgment in its favor, arguing that the Policy's "Loss Payment" clause does not confer upon Plaintiff the status of third-party beneficiary, which is the only way Plaintiff would have standing to bring the instant suit since she is not the Policy's named insured. R. Doc. 24-1 at 4–5; R. Doc. 24-2 at 1. It argues that Plaintiff is designated as "Borrower" on the Policy's declarations page, and that her "designation as 'Borrower' does not establish h[er] as the payee of any policy benefits" under the "Loss Payment" clause. R. Doc. 24-1 at 2–3. It quotes the relevant Policy, which states that "Loss will be made payable to the *named insured*. No coverage will be available to any mortgagee *other than that shown as the named insured on the Declarations*." *Id.* at 2 (quoting R. Doc. 1-2 at 19) (emphasis added). As Select is the named insured on the declarations page, *see* R. Doc. 1-2 at 4, Select is the proper party covered by the Loss Payment clause. Moreover, American Security argues that the plain language of the Loss Payment clause shows that it did not confer a direct benefit to Plaintiff as a third-party. R. Doc. 24-1 at 5. As a result, it asks this Court to find that Plaintiff has no contractual standing to sue. *Id.* at 5–6.

## III.    LEGAL STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view

the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. Fed. R. Civ. P. 56(c*); Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). A fact is "material" if its resolution in favor of one party may affect the outcome of the case. *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022) "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

## IV.   LAW & ANALYSIS

Defendant argues that Plaintiff has no contractual standing to sue because the plain language of the "Loss Payment" portion of the Policy does not "stipulate a benefit for a third person called a third-party beneficiary." La. Civ. Code art. 1978. Because the policy does not create a stipulation in Plaintiff's favor, Plaintiff has no contractual standing to sue American Security for breaching the Policy. R. Doc. 24-1.

A plaintiff has standing to enforce an insurance policy if she can demonstrate that she is (1) a named insured; (2) an additional named insured; or (3) an intended third-party beneficiary of the policy. *Graphia v. Balboa Ins. Co.*, 517 F. Supp. 2d 854, 856 (E.D. La. Sept. 28, 2007); *see also Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary*, 2005-2364 (La. 10/15/06), 939 So. 2d 1206, 1212. The language of the policy determines whether a plaintiff falls into any of the three categories. *Graphia*, 517 F. Supp. 2d at 856. As it is clear from the policy here, *see* R. Doc. 1-2,

that Plaintiff is not a named insured or an additional insured, the Court will only assess whether Plaintiff is a third-party beneficiary.

Under Louisiana law, a contract for the benefit of a third party is a *stipulation pour autrui*. *Brown v. Am. Modern Home Ins. Co.*, No. 16-16289, 2017 WL 2290268, at *4 (E.D. La. May 25, 2017). A *stipulation pour autrui* is "never presumed," and the party claiming to be a third-party beneficiary must show that such a stipulation exists. *Id.* (citing *Joseph*, 939 So. 2d at 1212). There are three criteria for a valid *stipulation pour autrui*: "(1) the stipulation for a third party is manifestly clear; (2) there is certainty as to the benefit provided the third party; and (3) the benefit is not a mere incident of the contract between the promisor and the promisee." *Lee v. Safeco Ins. Co. of Am.*, No. 08-1100, 2008 WL 2622997, at *3 (E.D. La. July 2, 2008) (citing *Joseph*, 939 So. 2d at 1212).

The policy at issue here is a "force-placed" insurance policy, which mortgage lenders will put in place to "insure[] the lender's collateral when the borrower fails to maintain a specific type of insurance." *Williams v. Certain Underwriters at Lloyd's of London*, 398 F. App'x 44, 45 (5th Cir. 2010). "Courts in this circuit have had ample opportunity to consider third-party beneficiary status under lender-placed homeowner's insurance policies." *Turner v. Am. Sec. Ins. Co.*, No. 21-3773, 2022 WL 696907, at *2 (W.D. La. Mar. 8, 2022). Some courts in this district have found that a policy created a "manifestly clear stipulation"—conferring a third-party benefit on the plaintiff and affording them standing to sue for breach of insurance contract—when the terms of the policy state that "Amounts payable in excess of your interest *will be paid to the 'borrower'* unless some other person is named by the 'borrower' to receive payment." *Lee*, 2008 WL 2622997, at *3–4. Others have found that an insurance policy will not manifest a clear intention to benefit a third party when the policy "states that any loss payment issued with be issued to the named

4

insured" and when "there is no language in the policy stating that any other party will be paid." *James v. Am. Sec. Ins. Co.*, No. 21-1861, 2021 WL 5795292, at *2 (E.D. La. Dec. 7, 2021).

The Court finds that the Policy here does not manifest a clear intention to confer a third-party benefit on Plaintiff. The sole named insured on the Policy is Select. R. Doc. 1-2 at 4. Plaintiff is listed as a "Borrower" on the Declarations page. *Id.* The "Loss Payment" section of the Policy provides that:

> Loss will be made payable to the **named insured**. No coverage will be available to any mortgagee other than that shown as the **named insured** on the Declarations. The undisputed portion of the loss will be payable within 30 days after [**American Security**] receive[s] [**Select's**] proof of loss.

*Id.* at 19 (emphasis in original). This section makes no mention of any payments to the "borrower." Nor does it implicitly suggest that any payments would be conferred on the "borrower." Thus, the Policy does not make "manifestly clear" that any payments would be issued to any third-party beneficiary in the event of a covered loss. Under Louisiana law, for a court to find a *stipulation pour autrui*, the stipulation must be manifestly clear. *Lee*, 2008 WL 2622997 at *3 (citing *Joseph*, 939 So. 2d at 1212); *see also id.* at 4 (finding a manifestly clear stipulation when policy term explicitly contemplated when amounts would be paid to the "borrower"). As Select—not Plaintiff—is the "named insured," the Loss Payment portion of the policy does not clearly intend to benefit Plaintiff as the "borrower."

Other courts in this district have interpreted this same policy provision and have come to the same result. *E.g.*, *Haley v. Am. Sec. Ins. Co.*, 643 F. Supp. 3d 604, 612 (E.D. La. Nov. 29, 2022); *James*, 2021 WL 5795292, at *2; *Miller v. Am. Sec. Ins. Co.*, No. 24-805, 2025 WL 1124966, at *6–7 (E.D. La. April 16, 2025). Courts across this circuit have also reached the same result. *E.g.*, *Butler v. Am. Sec. Ins. Co.*, No. 18-871, 2019 WL 1714231, at *2–3 (M.D. La. April

17, 2019); *Turner*, 2022 WL 696907, at *2; *Munroe v. Am. Sec. Ins. Co.*, No. 21-2534, 2022 WL 419590, at *2 (W.D. La. Feb. 10, 2022); *Dupuis v. Am. Sec. Ins. Co.*, No. 22-2048, 2023 WL 274541, at *2 (W.D. La. Jan. 18, 2023). This Court independently comes to the same conclusion as its sister courts. As a result, the Court finds that Plaintiff does not have contractual standing to sue for breach of contract because the Policy does not clearly confer a direct benefit upon her via a *stipulation pour autrui*.

## V.     CONCLUSION

Considering the foregoing;

**IT IS ORDERED** that the motion for summary judgment, R. Doc. 24, is **GRANTED.** Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 21st day of October, 2025.

_____
THE HONORABLE ELDON E. FALLON

**PLEASE SEND A COPY TO:**
Denethriss Alexander, *pro se*
3708 Liro Lane
Harvey, LA 70058
*and via e-mail at*:
denethriss@yahoo.com